032315Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JODIE J. PICKETT, | ). |
| Plaintiff, | ). No. 14 cv 2049 EJM |
| vs. | ). ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ). |
| Defendant. | ). |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits and supplemental security income benefits. Briefing concluded January 16, 2015. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff claims the Administrative Law Judge's (ALJ) ruling constitutes failure to give proper controlling weight to the medical opinion of the treating psychiatrist. She also claims that the ALJ failed to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

Plaintiff was 45 years old on September 3, 2009, the day she alleges that she became disabled. She alleges disability based on back injury, disk disease, nerve damage, diabetes, and high blood pressure.

Plaintiff claims that the medical opinion of her treating physician, Dr. Lucas Brinkman, DO, was not given proper weight by the ALJ. In March of 2011, Dr. Brinkman opined that Ms. Pickett was "unlikely to be able to return to work any time in the near future." (Tr. 505). In September of 2012, he rendered two separate opinions, which assigned specific functional limitations to Ms. Brinkman. (Tr. 632-641). In his Physical Residual Functional Capacity Assessment, Dr. Brinkman offered opinions as to specific work-related limitations, including the ability to sit, stand, walk, maintain attention and concentration and complete a normal work day and work week, and his two opinions were consistent with each other. (Tr. 634-635, 638-641).

The ALJ considered the relevant factors and substantial evidence supports her decision to give Dr. Brinkman's opinion little weight. (Tr. 23). Dr. Brinkman determined that plaintiff was incapable of sedentary work. (Tr. 507). He said that plaintiff could only sit for up to fifteen minutes and stand for up to ten minutes. (Tr. 634). Dr. Brinkman also said that plaintiff could not walk one city block without rest or severe pain. (Tr. 634). The ALJ considered that Dr. Brinkman's opinions were inconsistent with the record as a whole. (Tr. 23). Howe v. Astrue, 499 F.3d 835, 840-841 (8th Cir. 2007). (ALJ properly discounted treating physician's opinions that were contradicted by or inconsistent with other evidence in the record). As the ALJ noted, the record did not contain any other opinions from treating or examining physicians, of which there were many, indicating that plaintiff was disabled or had greater limitations than those the ALJ determined in her RFC. (Tr. 23).

Contrary to plaintiff's argument, Dr. Brinkman's opinions were not consistent with treatment notes from other providers. The objective findings in the treatment notes from other doctors and providers show that plaintiff's gait was smooth and coordinated, her coordination and sensation were intact, she had no joint stiffness or joint swelling, and she was able to heel and toe walk without difficulty. (Tr. 394, 405, 441, 462, 466). The treatment notes also show that plaintiff had full muscle strength, full range of motion, and no motor weakness or sensory impairment in her lower extremities. (Tr. 394, 405, 464, 466). Additional treatment notes show that plaintiff's straight leg raises were negative and she had no spinal instability during flexion and extension. (Tr. 456, 501). Dr. Brinkman's opinion that plaintiff's pain would interfere with her attention and concentration often was also inconsistent with the record. (Tr. 633, 638). For example, Ms. DeWitt found that plaintiff's attention and concentration were good. (Tr. 645). Moreover, plaintiff reported that she could pay attention for a "long time", and she said that she finished what she started. (Tr. 282). Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005). (treating physician's opinion inconsistent with plaintiff's testimony).

Further, Dr. Brinkman's opinions were inconsistent with diagnostic testing. As the ALJ noted, diagnostics from after plaintiff's anterior lumbar interbody fusion showed that the surgical hardware was in satisfactory position and the alignment was excellent, anatomic, and satisfactory. (Tr. 20, 416, 502). The ALJ also considered that x-rays of plaintiff's back looked good. (Tr. 20). Plaintiff's 2010 cervical and lumbar spine X-rays showed no dislocation, no acute fracture, and no destructive process. (Tr. 501-502). Further, plaintiff's October 2009 lumbar spine MRI showed *mild* bulging, *mild* scoliosis, *mild* to *moderate* neural foraminal narrowing, and no acute disk herniation or significant

canal stenosis. (Tr. 390, 413). Similarly, plaintiff's May 2010 cervical spine MRI showed cervical spondylosis, but no disk herniation, neural foraminal narrowing, canal stenosis, or cord compression. (Tr. 500).

Dr. Brinkman's opinions were also inconsistent with his own treatment notes. Garza v. Barnhart, 397 F.3d 1087, 1089 (8th Cir. 2005) (physician's opinion inconsistent with own relatively mild examination findings.) For example, he found that plaintiff had no CVA tenderness, and her gait, stance, reflexes, sensation, and cranial nerves were normal. (Tr. 595, 611). Dr. Brinkman himself also noted that plaintiff's musculoskeletal system was normal. (Tr. 512, 520, 611, 621). Notably, Dr. Brinkman encouraged plaintiff to exercise and remain active. (Tr. 521, 596, 600, 622). This is inconsistent with his assessment that plaintiff was limited in her ability to walk and stand. (Tr. 634).

In addition, Dr. Brinkman's opinions were inconsistent with plaintiff's daily activities. Plaintiff said that she walked for thirty minutes in the morning each day and for twenty minutes at night three to four times a week. (Tr. 466). Plaintiff also said that she shoveled her walk. (Tr. 18, 280). This was inconsistent with Dr. Brinkman's opinion that plaintiff could not walk one city block or stand for more than ten minutes. (Tr. 634). Toland v. Colvin, 761 F.3d 931, 936 (8th Cir. 2014) (plaintiff's reported activities were inconsistent with treating physician opinion.) In sum, Dr. Brinkman's opinions were inconsistent with the record as a whole.

Next, the ALJ properly considered that Dr. Brinkman based his opinion on plaintiff's subjective complaints. (Tr. 23). Many of the findings that Dr. Brinkman reported were simply restatements of complaints that plaintiff reported herself. For example, plaintiff

4

told Dr. Brinkman that she had back pain, leg pain, and radiation down the back of her leg. (Tr. 504, 592, 594, 597, 619, 622, 624). Plaintiff also told Dr. Brinkman that it was painful to sit for long periods, and she said that she could not walk or stand for more than ten minutes. (Tr. 504, 624). In addition, plaintiff testified that Dr. Brinkman went through the disability form with her and asked her about her limitations. (Tr. 59). Where there is little objective evidence to support a treating physician's opinion, an ALJ may find the opinion was largely based on plaintiff's subjective complaints. See Kirby, 500 F.3d at 709 (ALJ entitled to give less deference to opinion based largely on subjective complaints rather than objective medical evidence). Moreover, Dr. Brinkman failed to identify the clinical findings and laboratory tests that supported his opinions. House, 500 F.3d at 744. Rather, he simply repeated his diagnosis. (Tr. 632, 637). Dr. Brinkman's reliance on subjective complaints, rather than examination, lends credence to the ALJ's decision to grant his opinion little weight. (Tr. 23).

Finally, the ALJ properly considered that Dr. Brinkman's opinions were submitted to support plaintiff's economic interests. (Tr. 23). An ALJ may consider a physician's motive when evaluating his opinion. Lipari v. Astrue, No. 10-0779-SSA-CV-W-MJW, 2011 WL 1897449, at *2 (W.D. Mo. May 18, 2011) (unpublished). (ALJ properly discounted treating physician opinion when he appeared to be advocating for plaintiff); Hurd, 621 F.3d at 739 (opinion prepared for claimant's attorney rather than in the course of treatment was less credible.) As the ALJ noted, plaintiff began to discuss "paperwork for disability" at about the same time she filed her current application. (Tr. 22, 504, 591, 623, 624). Moreover, as discussed above, Dr. Brinkman's opinions were inconsistent with the rest of the evidence and largely based on plaintiff's subjective complaints. Panosh v. Astrue,

No. C-11-0043, 2012 WL 884822, at *10 (N.D. Iowa Mar. 14, 2012) (unpublished). (considering that physicians might provide a supportive note to satisfy patients who are insistent and demanding, and noting that it is easier to confirm the presence of such motives when the opinion in question departs substantially from the rest of the evidence.) Thus, the ALJ did not err in considering Dr. Brinkman's motive as one factor in her analysis.

Based upon a thorough review of the record, the ALJ provided sufficient reasons for discounting Dr. Brinkman's opinions. Specifically, Dr. Brinkman's opinions were inconsistent with the record as a whole, they were based on plaintiff's subjective complaints, and they were submitted to support plaintiff's economic interests.

Based on the record, it is the court's view that the Commissioner's decision that plaintiff is not disabled based on the ALJ's analysis is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

March 23, 2015

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT